SEMANSKY v. ARCHIBALD et al.

(Supreme Court, Appellate Term.    January 5, 1911.)

LANDLORD· AND TENANT (§ 200*)—TENANCIES FROM MONTH TO MONTH—CREA-
TION—HOLDING OVER AFTER TERM.

Where a tenant holds over after the expiration of his term, the law im-
plies an agreement to hold for a year upon the terms of the prior lease,
if that lease was for a year, so that, where the landlord notified the ten-
ant that after the expiration of his lease the rent would be a larger sum
per month, and that the tenancy would be by the month, and the tenant's
secretary stated that the tenant, an association, would meet and leave it
to its council to decide, the tenant was liable for rent for the month suc-
ceeding the expiration of his former lease, where it held over into such
month, though, on being notified on the 1st of the month by the landlord
to pay the increased rent, it refused to pay and gave notice that it would
vacate; the fact that the tenant was moving out as fast as possible being
immaterial, no absolute impossibility for it to have moved before the be-
ginning of the monthly term being shown.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
794–797; Dec. Dig. § 200.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Harry N. Semansky against James Archibald, as presi-
dent, and another, as secretary, of the District Council of New York
City Brotherhood of Painters, Decorators, and Paper Hangers, and
another. From a judgment for defendants, plaintiff appeals. Re-
versed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Aaron Morris, for appellant.
P. Henry Delehanty, for respondents.

BRADY, J. This action was brought by plaintiff to recover from
defendant rent for the month of September, 1910. It appears from
the evidence that the defendant held under a lease expiring August
30, 1910; that prior to the expiration of the lease the plaintiff no-
tified the secretary of said defendant that if it remained over in pos-
session of the premises after the expiration of the lease the rent
would be $150 per month, payable in advance on the 1st day of the
month, and that it would be under a monthly tenancy; that·the de-
fendant's secretary said that the association would have a meeting,
and they would leave it to the council; that the defendant remained
over after the expiration of the lease, and the rent for September
had not been paid. The plaintiff made a demand on the defendant
for the rent at the increased rate on September 1, 1910. Defendant
refused to pay the rent at the increased rate, and notified the plain-
tiff that they would move. On September 2, 1910, the plaintiff insti-
tuted summary proceedings for nonpayment of rent, and served no-
tice on the defendant. On September 6, 1910, the return day, the
defendant appeared in court, and was given until September 10, 1910,
to vacate the premises. Defendant testified that they were moving

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

out as rapidly as possible, and would have had all their things moved out by September 10th, but plaintiff locked the door and prevented defendant from moving the safe until September 11, 1910.

The pleadings were oral, and the action was tried by the court without a jury, and the justice gave judgment for defendant. There is no question here about the fact of holding over. It is not enough that there was a holding over, not unavoidable, which might have been provided against, and where the chief difficulty grew out of the defendant's own act. No impossibility of removal was shown, merely difficulty and inconvenience, which should have been and might have been foreseen and provided against. The rule is well settled that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease; that option to so regard it is with the landlord, and not with the tenant, and the latter holds over his term at his peril. Commissioners of Pilots v. Clark, 33 N. Y. 251. The act of the defendant holding over has given the plaintiff a legal right to treat him as a tenant, and it is not in his power to throw off that character, however onerous it may be. Conway v. Starkweather, 1 Denio, 114.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs. GAVEGAN, J., taking no part.